# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SHEILA CHELNIK et al., | |
| Plaintiffs, | CIVIL ACTION NO. 3:10-CV-2138 |
| v. | (JUDGE CAPUTO) |
| WILLIAM E. BLACKBURN, et al., | |
| Defendants. | |

## **MEMORANDUM**

Presently before the Court is the complaint, which insufficiently alleges the diversity of the parties. (Doc. No. 1.) Because the complaint fails to adequately plead the existence of subject matter jurisdiction, the action will be dismissed.

## Background

Plaintiffs filed a complaint against defendants William E. Blackburn, Kire Stoganovski, and Hawkeye Logistics. (Doc. No. 1.) The complaint invokes this Court's jurisdiction under 28 U.S.C. § 1332, the diversity jurisdiction statute.

The complaint describes three of the plaintiffs as "residents of 6003 Woodale Road, East Stroudsburg, Pennsylvania" (Doc. 1 at 2.)  Another plaintiff is described as " resident" of New York. Defendants William Blackburn and Kire Stoganovski are explained to be "residents" of Michigan, while the defendant Hawkeye Logistics, Inc. "Is a corporation duly organized in the State of Michigan and maintains its principal place of business [in Michigan]."

**Analysis**

Under the diversity jurisdiction statute, 28 U.S.C. § 1332, "the district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States . . . ." When diversity of citizenship provides the grounds for federal jurisdiction, "the pleadings should affirmatively disclose that such diversity exists." *Osthaus v. Button*, 70 F.2d 392, 392 (3d Cir. 1934). Complete diversity must exist between the adverse parties in the action; that is, the citizenship of each plaintiff must be diverse from that of each defendant. *See Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365 (1978), 373–74 (1978).

For purposes of diversity jurisdiction, a natural person is deemed to be a citizen of the state where he is domiciled. *Swiger v. Allegheny Energy, Inc.*, 540 F.3d 179 182 (3d Cir. 2008) (citing *Gilbert v. David*, 235 U.S. 561, 569 (1915)). To be domiciled in a state a person must reside there and intend to remain indefinitely. *Krasnov v. Dinan*, 465 F.2d 1298, 1300–01 (3d Cir. 1972). A person may have only one domicile, and thus may be a citizen of only one state for diversity jurisdiction purposes. *See Williamson v. Osenton*, 232 U.S. 619 (1914). In contrast, corporations may have more than one state of citizenship: "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1).

Federal courts have an obligation to address issues of subject matter jurisdiction *sua sponte*. *Meritcare Inc. v. St. Paul Mercury Ins. Co.*, 166 F.3d 214, 217 (3d Cir. 1999).

Here, the complaint fails to properly plead the existence of subject matter jurisdiction.

The complaint fails to adequately allege diversity of citizenship. *See S. Freedman & Co., Inc. v. Raab*, 180 Fed. App'x 316, 320 (3d Cir. 2006) (quoting *Joiner v. Diamond M Drilling Co.*, 677 F.2d 1035, 1039 (5th Cir. 1982) ("In order to adequately establish diversity jurisdiction, a complaint must set forth with specificity a corporate party's state of incorporation and its principal place of business.")). Here, the plaintiff fails to allege the citizenship of a single party. The Court is informed of the states in which the plaintiffs and two of the defendants "reside." Residence is not the same as domicile and does not establish citizenship for diversity purposes. *See Krasnov v. Dinan*, 465 F.2d 1298, 1300 (3d Cir. 1972) ("Where one lives is prima facie evidence of domicile, but mere residency in a state is insufficient for purposes of diversity.") (internal citations omitted). Likewise, the complaint fails to inform the Court of all the states by which the defendant Hawkeye Logistics, Inc. is incorporated.

## Conclusion

As it currently stands, the complaint fails to show the existence of subject matter jurisdiction. The plaintiff is directed to file an amended complaint within twenty-one (21) days sufficiently alleging jurisdiction. The plaintiff is further advised that failure to respond in the manner explained above will result in the dismissal of his complaint. An appropriate order follows.

| | |
|---|---|
| **October 19. 2010** | **/s/ A. Richard Caputo** |
| Date | A. Richard Caputo |
| | United States District Judge |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SHEILA CHELNIK et al., | |
| Plaintiff | NO. 3:10-CV-2138 |
| v. | (JUDGE CAPUTO) |
| WILLIAM E. BLACKBURN, et al., | |
| Defendants. | |

## ORDER

**NOW**, this 19th day of October, 2010, **IT IS HEREBY ORDERED:**

1) Within twenty-one (21) days of the date of this Order, Plaintiff may file an amended complaint.

2) Plaintiff's failure to file an amended complaint will result in dismissal of this action.

                                                            /s/ A. Richard Caputo
                                                            A. Richard Caputo
                                                            United States District Judge